## SAMUEL C. LAWRENCE vs. ELIZA BARTLETT.

The surviving husband of a woman who, in contemplation of marriage with him, made with him an antenuptial contract, providing that, in case she should die leaving issue surviving her, a certain note and mortgage should be held to the use of her intended husband for his life, with remainder to her issue in fee simple, and who has since died leaving issue surviving her, may maintain a bill in equity against one to whom she in her last sickness delivered the note and mortgage, with directions to retain and hold them in trust for the purposes declared in the antenuptial contract, and especially to protect the rights and interests of her children, to compel the delivery of the same either to himself, or to such person as the court may appoint trustee.

MERRICK, J. The note and mortgage mentioned in the bill, and which the plaintiff prays that the defendant may be required to deliver to him, were formerly the property of Harriet Bartlett, to whom the plaintiff was married in the year 1851. In contemplation of their marriage, but previously to its solemnization, the parties entered into a written contract with each other, in which it was stipulated that the real and personal property described in the schedule annexed to it, and of which said note and mortgage were a part, should be held by the said Harriet, her heirs, executors and administrators, to her own use, until the contemplated marriage should be solemnized; to her own sole and separate use, free from the control or interference of her husband, during coverture; and, upon his decease, to her own sole use in fee simple, discharged from all trusts, limitations and restrictions; but upon her decease without issue surviving her, to the use of the plaintiff in fee simple; or, if she should leave issue surviving her, then to his use for life, with remainder to such issue in fee

simple. In 1858 the said Harriet died, leaving two surviving daughters. This was a contingency provided for in the contract; and the plaintiff, immediately upon its occurrence, became entitled to the use of the note and mortgage and other property described in the schedule annexed to the contract, for and during the residue of his life. The respondent admits her possession of the note and mortgage; but she neither shows nor alleges any title to the property, or right to retain either of these instruments. She avers in her answer only that the said Harriet, being in her last sickness, and within a few days of her death, placed those papers in her hands, and directed and charged her to retain and hold them in her own custody and possession, in trust for the purposes declared in said antenuptial contract, and specially and particularly to protect the rights and interests of her, the said Harriet's, surviving children. This delivery was not in fact, and evidently was not intended by the deceased to be, a transfer of the property. She evidently recognized the existence and validity of the contract, in which she had already provided for the disposition to be made of it upon her death, and expressed herself in such terms as to show her desire that it should be so faithfully appropriated. Possession obtained by the respondent under such circumstances conferred upon her no right to withhold the papers or property from the lawful owner.

If there had been no antenuptial contract between the parties, the plaintiff, as surviving husband, would have been entitled to take, under the statute for the distribution of estates of deceased intestates, all the personal property of his deceased wife as his own. Rev. Sts. *c*. 64, § 1. But the law now permits parties to enter into a written contract before marriage, providing that the whole or any designated part of the real or personal property, or of any right of action, of which either of them may be seised or possessed at the time of the marriage, shall be and remain the property of the husband or wife, according to the terms of the contract. And such contract may limit to the husband or wife an estate in fee, or for life, in the whole or any part of such property, and may designate any other lawful limitations, all of which take effect at the time of the marriage. *St.* 1845, *c*. 208,

§ 1. Gen. Sts. *c.* 108, § 27. Therefore, under the contract before referred to between the plaintiff and Harriet Bartlett, he became, upon her decease leaving issue surviving her, immediately entitled to the use of the designated property for and during the term of the residue of his life; but, under the further prescribed limitation, the property itself was to be preserved and kept in the mean time to the use in fee simple, upon his decease, of her said surviving children. This necessarily, in respect to the personal property and rights of action, created a trust and requires the intervention of a trustee, that by his care the final limitation over may not fail. Such trust may be executed either by the party entitled to the intermediate use or income, or by some disinterested person appointed by the authority and subject to the orders and control of the court. And, where actual possession is not essential to the enjoyment of the use or income of the property, it may well be deemed expedient, as a general rule, to select for the discharge of such duty a stranger, who can have no personal interest in the management of the trust, to act with partiality, or to the undue advantage of either of the *cestuis que trust,* rather than to commit it to the party entitled to the intermediate life estate, who would necessarily have a more direct motive to protect and secure his own, in preference to the remoter interest of those who are to succeed him. But, to vindicate and preserve his own right, he may have a remedy against any person who interferes with it, or who unlawfully withholds from him either the property itself or the use and profit of it; and he is accordingly entitled to require that the property shall be delivered directly to himself, or to a trustee duly appointed to receive and hold it in his behalf. The plaintiff therefore can maintain his bill for the recovery of the note and mortgage of which he seeks to obtain possession, against the defendant, who, without any authority or legal title thereto, unjustly retains them. His prayer is not only that they may be delivered to him, but for general relief; and this is sufficient to authorize a decree that they be surrendered and given up by the defendant, either to him or to a duly appointed trustee. In conformity therefore to what has already been

suggested as the general rule, as well as in view of the intimation in the answer, although no proof has been adduced to show it to have been well founded, that distrust was entertained by the deceased wife of the future good management of the property by the plaintiff, it is deemed by the court to be advisable that a trustee should be appointed, and a decree entered that the note and mortgage demanded of the defendant should be delivered to him, to hold to the uses designated in said marriage contract.

The defendant relies upon the provisions of *St.* 1845, *c.* 208, § 7, to show that this bill cannot be maintained by the plaintiff, because he is not the administrator of his deceased wife's estate. It is there provided that if any married woman, holding property to her sole and separate use under a contract made in pursuance of the statute, shall die intestate, it shall thereupon vest in her husband, if no other provision is made in relation to it by the terms of the contract; provided that, in every such case, it shall be necessary for the husband to take administration on the estate, and that he shall hold her personal property and her interest in her real estate, saving only his right by the curtesy, subject to the payment of all debts incurred by her, either before or after the marriage. But the case referred to in this provision is where there is no provision for or limitation of the property or uses thereof in the contract; it does not apply where the contract contains a full and complete designation of all the limitations to which it is to be subject. In the latter case, the ownership of the property is determined by the terms of the express stipulations of the parties; and an administration of the estate by the husband, or any one else, is wholly unnecessary in respect to it, when it is not subject to the claims of other parties.

It is also suggested by the defendant, as a further objection to the maintenance of the bill, arising under the provisions of § 5 of the same statute, that the property of the deceased wife may be required for the payment of her debts, and therefore that all the personal property left by her must belong to her administrator; it being in abeyance until his appointment. It seems unnecessary to express any opinion upon this question, because, since

the argument, upon the motion of the plaintiff, the duly ap-
pointed administrator of his deceased wife's estate has been made
a party defendant. He has appeared and filed his answer, admit-
ting the truth of the allegations of the bill, and makes no sug-
gestion of the existence of any debts due from the deceased at
the time of her death, and he interposes no claim to the owner-
ship or possession of any of the personal property left by her
This is in effect a waiver of all possible right or claim on his
behalf, and leaves the plaintiff free and unobstructed to main-
tain his own rights to the use and enjoyment of the income to
be derived from it.                         *Decree accordingly.*

   *W. E. Parmenter,* for the plaintiff.
   *G. H. Kingsbury,* for the defendant.

